IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RICHARD M. JONES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:25-CV-93-H-BV |
| | § | |
| ALLIANCE CREDIT UNION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND**
<u>**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**</u>

In accordance with Special Order 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management. Dkt. No. 3. Pro se Plaintiff Richard M. Jones sues several defendants related to loan applications he submitted. Jones seeks leave to proceed *in forma pauperis* (IFP). Because Jones has failed to establish the Court's subject matter jurisdiction, the undersigned recommends the United States District Judge deny Jones's application to proceed IFP and dismiss this action without prejudice.

**1. Background**

On April 25, 2025, Jones filed a complaint and application to proceed IFP. Dkt. Nos. 1, 2. Although not expressly stated, Jones appears to subscribe to the sovereign citizen movement. *See* Dkt. No. 1. The bases of his claims stem from these beliefs—that he is "Executor and Secured Party Creditor of the private trust RICHARD JONES TR." *Id.* at 3. After reviewing the filings, the Court determined that Jones's complaint did not

meet the minimum pleading requirements under Federal Rule of Civil Procedure 8(a) in part because it failed to establish the Court's subject matter jurisdiction. Dkt. No. 12. The Court also concluded it needed additional information before ruling on Jones's IFP request. *Id.* So the Court ordered Jones to amend his complaint and IFP application to cure the deficiencies. *Id.*

In accordance with that order, Jones filed an amended complaint and an amended IFP application. Dkt. Nos. 13, 14. Jones names several defendants in his amended complaint, including Alliance Credit Union (Alliance); Amber Cook, an employee of the credit union; and Robert St. Clair, Alliance's attorney. Dkt. No. 13 at 1, 5. The events giving rise to the Jones's complaint occurred after he submitted two secured financial applications to Alliance, allegedly backed by collateral interests and security documents under private and contract law. *Id.* at 5. Jones accuses Alliance of accepting the applications but dishonoring his settlement instruments, refusing to return or disclose records, and failing to cure after repeated lawful notices. *Id.* at 5–6.

Jones has filed multiple motions since commencing this action. Dkt. Nos. 5–7, 10, 16–17, 19. However, after reviewing Jones's amended complaint, the undersigned concludes that the Court lacks subject matter jurisdiction. Thus, Jones should be denied leave to proceed IFP and this case should be dismissed without prejudice.

## 2. Legal Standard

A court must always examine, sua sponte, whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts have jurisdiction only when a "federal question" is presented (28 U.S.C.

§ 1331), or if there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. A court has federal question jurisdiction when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). For diversity jurisdiction, there must be complete diversity—"all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (citation omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

### 3. Discussion

#### A. Jones's allegations are insufficient to invoke the Court's jurisdiction.

Jones's allegations do not support federal question or diversity jurisdiction. Jones does not assert a federal cause of action, present a substantial federal question on the face of the amended complaint, or otherwise make clear the purported basis for the Court's jurisdiction. Dkt. No. 13. His invocation of the Court's federal question jurisdiction is based on reliefs that do not themselves establish substantive rights or causes of action sufficient to invoke the Court's federal question jurisdiction. *See id.* at 8 (Jones requests declaratory relief, enforcement of a private arbitration, equitable lien and constructive trust, and injunctive relief.).

3

The Declaratory Judgment Act, under which Jones purports to assert a claim, "does not of itself confer jurisdiction on the federal courts." *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 343 (5th Cir. 2021) (citation omitted). As for Jones's claim under the Federal Arbitration Act (FAA), he contends that he "submitted a private arbitration award on March 28, 2025," and "[n]o rebuttal was made," so the "[a]ward stands as judgment in commerce." Dk. No. 13 at 7. But the FAA, like the Declaratory Judgment Act, "is not an independent grant of federal jurisdiction." *Hamstein Cumberland Music Grp. v. Williams*, 532 F. App'x 538, 542 (5th Cir. 2013) (per curiam) (quoting *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004)). Finally, Jones's other purported causes of action—breach of fiduciary duty, imposition of an equitable lien and constructive trust, and a default judgment—are either remedies or claims under state law. *See* Dkt. No. 13 at 4, 7. As such, they do not provide a basis for federal question jurisdiction. *E.g., Tex. Org. Project v. Callanen*, 493 F. Supp. 3d 540, 545 (W.D. Tex. 2020) (explaining that federal courts only have jurisdiction to hear "cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

Although Jones has not alleged the Court has diversity jurisdiction, as pleaded, the amended complaint shows that complete diversity is lacking. Jones does not assert the citizenship of all defendants, but Jones and at least one defendant—Alliance—are citizens of Texas. Dkt. No. 13 at 4. As such, the Court does not have diversity jurisdiction. *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("A

4

district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.").

Because Jones's complaint has failed to establish either federal question or diversity jurisdiction, his claims must be dismissed.

## 4. Recommendation

The undersigned recommends that the United States District Judge dismiss without prejudice Jones's amended complaint and all claims therein for lack of subject matter jurisdiction. Furthermore, given the lack of jurisdiction, the undersigned recommends that Jones's application to proceed IFP be denied (Dkt. No. 14) and all outstanding motions be terminated.

## 5. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: June 11, 2025.

*[signature]*
_____
**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**