UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

RICHARD M. JONES,

    Plaintiff,

v.                                            No. 5:25-CV-093-H

ALLIANCE CREDIT UNION, et al.,

    Defendants.

**ORDER ADOPTING FINDINGS, CONCLUSIONS,
AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS**

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge Amanda 'Amy' R. Burch (Dkt. No. 23). Judge Burch concludes that the Court lacks subject-matter jurisdiction and, therefore, recommends denying the plaintiff's motion for leave to proceed *in forma pauperis* (IFP) (Dkt. No. 14) and dismissing this action without prejudice. The plaintiff timely filed objections to the FCR (Dkt. Nos. 24; 25).

The Court overrules the objections and adopts the FCR in full. The plaintiff has failed to assert a federal question or complete diversity between the parties in his complaint or objections. Accordingly, the Court denies the plaintiff's application to proceed IFP (Dkt. No. 14) and dismisses the action without prejudice for lack of subject-matter jurisdiction.

1. **Background**

    A.   **Factual Background and Procedural History**

On April 25, 2025, the plaintiff filed suit against Alliance Credit Union, an Alliance employee, Amber Cook, and Alliance's attorney, Robert St. Clair. Dkt. No. 1. He

concurrently filed a motion for leave to proceed IFP. Dkt. No. 2. Per the Court's standing orders, the case was referred to Magistrate Judge Burch. Dkt. No. 3.

After reviewing the initial complaint and application to proceed IFP, Judge Burch determined that she could not rule on the application to proceed IFP because the plaintiff's complaint did not meet the minimum pleading requirements of Federal Rule of Civil Procedure 8(a). *See* Dkt. No. 12. Among other deficiencies, the plaintiff did not plead "a short and plain statement of the grounds for the court's jurisdiction." *Id.* at 2–3; *see also* Fed. R. Civ. P. 8(a)(1). Accordingly, Judge Burch ordered the plaintiff to file an amended complaint curing the deficiencies and a proper application to proceed IFP. Dkt. No. 12 at 4.

The plaintiff complied and filed an amended complaint and application. Dkt. Nos. 13; 14. With respect to jurisdiction, the plaintiff asserts that the Court has federal-question subject-matter jurisdiction because he "raises federal questions involving trust law, secured party status, enforcement of unrebutted affidavits, and equitable remedy under the Uniform Commercial Code as adopted federally." Dkt. No. 13 at 4. He also cites to the federal Declaratory Judgment Act (FDJA), 28 U.S.C. § 2201, and the Federal Arbitration Act (FAA), 9 U.S.C. § 9, in support of federal subject-matter jurisdiction. *See id.*

As to the substance of his claims, the plaintiff asserts that, upon submission of "two secured financial applications" to Alliance, the defendants "accepted the applications but dishonored [the p]laintiff's settlement instruments, refused to return or disclose records, and failed to cure after repeated lawful notices." *Id.* at 5–6. The plaintiff brings a claim for breach of fiduciary duty and also seeks various remedies including damages, declaratory relief, injunctive relief, enforcement of a "private" arbitration award, an "equitable lien and constructive trust," and default judgment. *See id.* at 7–8. As Judge Burch noted, Dkt. No.

23 at 1, the plaintiff appears to assert that he is a sovereign citizen. *See generally* Dkt. Nos. 1; 13.

### B.   Judge Burch's FCR

After reviewing the plaintiff's amended filings, Judge Burch concluded that the plaintiff had again failed to make allegations that would provide adequate grounds for federal subject-matter jurisdiction. *See* Dkt. No. 23 at 3–5. More specifically, none of the plaintiff's asserted avenues for relief—the FDJA, the FAA, or his state-law claim for breach of fiduciary duty and requests for equitable relief and a default judgement—provide a basis for federal-question jurisdiction. *Id.* at 5. Nor has he alleged complete diversity between the parties. *Id.* Accordingly, Judge Burch recommends dismissal of the action without prejudice for lack of subject-matter jurisdiction.

The plaintiff filed two identical documents objecting to the FCR, with one including a notice to Judge Burch of "spiritual liability and commercial fraud." *See* Dkt. Nos. 24; 25; 25-1. The plaintiff's objections are largely based on sovereign-citizen rhetoric—that his claims are governed by a "superior" jurisdiction and divine law. *See generally* Dkt. Nos. 24; 25. He does not contest Judge Burch's conclusions that the bases for federal jurisdiction in his complaint do not confer federal-question jurisdiction, but instead now asserts that his cause of action is rooted in federal commercial, constitutional, and banking law, including the Truth in Lending Act, 15 U.S.C. § 1605. *See* Dkt. No. 24 at 2–3.

### 2.   Legal Standard

A party who seeks to object to any part of a Magistrate Judge's FCR must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). As for portions where no specific objections are filed

within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

When a party files objections, the Court must review those objected-to portions de novo. 28 U.S.C. § 636(b)(1); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. Fed. R. Civ. P. 72(b)(3). Objections to the FCR must be "specific"; they must "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020)).

The district court need not consider "[f]rivolous, conclusive[,] or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quotation omitted). Moreover, "[i]t is well settled that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court." *K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210, at *5 (5th Cir. Mar. 30, 2022) (first citing *Cupit v. Whitley*, 28 F.3d 532, 535–36 n.5 (5th Cir. 1994); then citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); and then citing *Harrison v. Smith*, 83 F. App'x 630, 632 (5th Cir. 2003)).

3. Analysis

The Court overrules the plaintiff's objections and affirms the FCR in full.

Judge Burch details why the plaintiff's purported claims that reference the FDJA and the FAA and also seek an equitable lien, a constructive trust, and a default judgment do not confer jurisdiction on this Court. *See* Dkt. No. 23 at 4. Judge Burch also concludes that the plaintiff has not alleged diversity jurisdiction. *See id.* The plaintiff does not object to these legal conclusions, but generally objects to Judge Burch's conclusion that he does not assert a federal question. *See* Dkt. No. 24 at 2–3. The Court has reviewed these unobjected-to portions of the FCR for plain error. Finding none, the Court accepts and adopts those portions of the FCR.

The plaintiff's objection that the magistrate judge "erroneously claimed no federal question exists" is not specific and unsupported by legal authority or citation to his complaint or Judge Burch's FCR. *See id.* at 2. And his new assertions that his case presents a federal question based on federal commercial, constitutional, or banking law are presented for the first time in his objections and not properly before the Court. *See K Invs.*, 2022 WL 964210, at *5. Even so, the Court concludes that these objections are frivolous, conclusive, and fail to confer subject-matter jurisdiction. Finally, the remainder of the plaintiff's objections do not address Judge Burch's FCR at all and instead include only restatements of contentions made in his complaint and nonsensical "Maxims of Law." *See* Dkt. No. 24 at 3–9. Accordingly, the Court overrules the plaintiff's objections.

4. Conclusion

In sum, the Court overrules the plaintiff's objections (Dkt. Nos. 24; 25) and adopts the FCR (Dkt. No. 23) as the findings of this Court. Accordingly, the Court denies the

plaintiff's application to proceed IFP (Dkt. Nos. 2; 6; 14), terminates all other pending motions (Dkt. Nos. 5; 7; 10; 16; 17; 19; 27), and dismisses the action without prejudice for lack of subject-matter jurisdiction.

So ordered on February 27, 2026

*[signature]*

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE